NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUNBO SONG, | No.    15-72252 |
| Petitioner, | Agency No. A206-531-905 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2021**
Pasadena, California

Before:  R. NELSON and VANDYKE, Circuit Judges, and SCHREIER,*** District Judge.

Yunbo Song, a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ")

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

denial of her applications for asylum and withholding of removal under the Immigration and Nationality Act and deferral of removal under the Convention Against Torture ("CAT"). "We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted), and deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)).  This means that for us "to reverse such a finding we must find that the evidence not only supports a contrary conclusion, but compels it." *Id.* (cleaned up). "In assessing an adverse credibility finding . . . we must look to the totality of the circumstances and all relevant factors." *Alam v. Garland*, ___ F.4th ___, No. 19-72744, 2021 WL 4075331, at *5 (9th Cir. Sept. 8, 2021) (en banc) (cleaned up).

Song testified inconsistently regarding whether she worked after she was arrested. Initially, Song testified that she did not return to work after her release from her detention on April 11, 2012. But when she was confronted with the fact that she stated on her asylum application that she worked until December 2012, she testified that she would go back to work when the restaurant was busy. The IJ found this inconsistency to be material because Song's testimony ranged from never returning to work, to going back to work occasionally, to working sufficiently that she felt it necessary to state on the asylum application that she

worked until December 2012. The record supports the determination that Song's testimony on this point was inconsistent.

Song testified that she was in church on Sunday, April 8, 2012, when she was arrested. The IJ found it implausible that there was no mention during the house church service that it was Easter Sunday, a significant Christian holiday. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (noting that an IJ may base a credibility determination on the inherent plausibility of the applicant's account). The Department of Homeland Security attorney asked Song several times whether she recalled anything special about the sermon on April 8, 2012, but Song made no mention of Easter. When directly confronted by the fact that April 8, 2012, was Easter, Song did not attempt to explain the discrepancy. Here, the record supports the determination that Song's testimony was implausible.

Song testified inconsistently as to the date that she began attending house church services. She testified that she first went to the house church on April 26, 2012. When confronted with the fact that she had testified that the police raided the home church on April 8, 2012, she changed her testimony saying that she first attended house church on February 26, 2012. Her written statement indicates that she first attended house church in February 2012. The IJ found that Song's inconsistent testimony undermined her credibility because the date she began attending house church went "directly to the heart of the claim." *See Rizk v.*

*Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (noting that "even minor inconsistencies going to the heart of a petitioner's claim may, when considered collectively, deprive the claim of the requisite ring of truth." (cleaned up)). The record supports the determination that Song's testimony was inconsistent.

Song's testimony about being on strict supervision in China is also implausible. Song testified that she felt that the police watched her every move and that, as a condition of her release, she was not allowed to leave the country. But she also testified that she travelled to the United States in June 2012, while she was supposedly under strict supervision. When she returned to China, she was not arrested or detained. The IJ found Song's testimony on this point implausible, and the BIA agreed with the IJ's finding. The record supports the finding that Song's testimony was implausible.

Taken together, substantial evidence supports the IJ's and BIA's adverse credibility determination. And without her testimony, Song fails to establish her eligibility for asylum or deferral of removal under CAT.

**PETITION DENIED.**